UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA AVINGER, Individually

    Plaintiff,

v.                                  CASE NO.:

LPM ENTERPRISES OF
JACKSONVILLE, INC., a Florida
Profit Corporation; and SCOTT W.
LANCASTER, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEBRA AVINGER, individually, ("Plaintiff"), files this Complaint against Defendants, LPM ENTERPRISES OF JACKSONVILLE, INC. ("LPM Enterprises") a Florida Profit Corporation, and SCOTT W. LANCASTER, Individually (collectively "Defendants"), and states as follows:

**PRELIMINARY STATEMENT**

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1

2. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that she is (i) entitled to unpaid wages from Defendants for overtime work for which she did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

**JURISDICTION**

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to: (i) obtain a judgment against Defendants as to liability; (ii) recover unpaid back wages; (iii) recover an additional equal amount as liquidated damages; and (iv) reasonable attorneys' fees and costs.

4. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as the FLSA claims arise under 29 U.S.C. §216(b).

5. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

**PARTIES**

6. At all times material to this action, Plaintiff was, and continues to be, a resident of Duval County, Florida.

7. At all times material to this action, LPM Enterprises was, and continues to be, a Florida profit corporation. Further, at all times material to this action, LPM Enterprises was, and continues to be, engaged in business in Florida, with a principal place of business in Duval County, Florida.

5. Upon information and belief, at all times material to this action, Defendant, Scott W. Lancaster ("Lancaster") was and continues to be a resident of Duval County, Florida.

2

6. At all times material to this action, Defendant, Lancaster regularly held and/or exercised the authority to hire and fire employees of LPM Enterprises.

7. At all times material to this action, Defendant, Lancaster regularly held and/or exercised the authority to determine the work schedules for the employees of LPM Enterprises.

8. At all times material to this action, Defendant, Lancaster regularly held and/or exercised the authority to determine the pay rates for the employees of LPM Enterprises.

9. At all times material to this action, Defendant, Lancaster regularly held and/or exercised the authority to control the finances and operations of LPM Enterprises.

10. By virtue of having held and/or exercised the authority to: (i) hire and fire employees of LPM Enterprises; (ii) determine the work schedules for the employees of LPM Enterprises; (iii) determine the rates of pay for employees of LPM Enterprises ; and (iv) control the finances and operations of LPM Enterprises, Defendant, Lancaster, is an employer as defined by 29 U.S.C. §201 *et. seq*.

11. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

14. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

15. At all times material to this action, Defendant, LPM Enterprises was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the

"production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendant LPM Enterprises was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material to this action Defendants directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

18. Defendants jointly employed Plaintiff.

19. At all times material to this action, Defendants advertised on the internet and traditional marketing avenues, processed credit cards and other payments, communicated via mail, email, and telephone with the clients/tenants, vendors, and others within and without Florida, and purchased goods produced out of state for use in its business here in Duval County.

20. Further, Defendants had two or more employees who regularly handle products and equipment, including tools, supplies, materials, and other equipment, which had previously moved through interstate commerce, during performance of their duties.

21. At all times material to this action, Defendants' employees were handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. In approximately November 2017, Defendants hired Plaintiff to work as an hourly paid, non-exempt, Groundskeeper ("Groundskeeper") for Defendants' Lawn Care & Landscaping company.

24. Plaintiff was compensated at an hourly rate of pay.

25. Plaintiff was required to report to work at 7:00 am to receive her job assignment, but did not receive compensation until approximately 8:30 or 9:00 am.

26. Plaintiff's day would customarily end between 5:30 and 6:00pm, unless it was a Saturday, when the day would end around Noon or 1pm.

27. Plaintiff generally worked 55-60 hours over a 6 day work week.

28. Plaintiff received payment for 40 hours of work by company paycheck and would receive payment for some hours over 40 at her regular rate of pay without any additional overtime compensation.

29. Defendants did not compensate Plaintiff for all hours worked.

30. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.

31. Plaintiff is entitled to be compensated for all hours she was required to be at the job site.

32. Plaintiff should also be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for all hours that Plaintiff worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

33. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

34. Defendants have violated Title 29 U.S.C. §206 and §207 from approximately November 2017 to October 20, 2018, in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    b.      No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff and at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA;

    c.      Defendants, as a result of their off-the-clock policies, willfully failed to pay Plaintiff for all hours worked in one or more workweeks during the relevant time period, in violation of 29 U.S.C. § 206.

    d.      As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

    e.      Defendants failed to maintain proper time records as mandated by the FLSA.

35.      Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

36.      Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §207

37.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 as if fully set forth herein.

38.      Plaintiff was employed by Defendants from approximately November 2017, until her termination on October 2018 as an hourly paid, non-exempt, Groundskeeper ("Groundskeeper").

39.      Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

40.      Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

41. At all times material hereto, Defendants failed and continues to fail, to maintain proper time records as mandated by the FLSA.

42. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

43. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week while employed as a Groundskeeper;

    b. An award of unpaid wages and overtime compensation due under the FLSA;

    c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime award;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions and/or minimum wage provisions of the FLSA; Defendants

       failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime and/or minimum wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 22nd day of November, 2019.

                                          Respectfully Submitted,

                                          */s/ Paul M. Botros*
                                          Paul M. Botros
                                          FL Bar No.: 85035
                                          MORGAN & MORGAN, P.A.
                                          8151 Peters Road
                                          Suite 4000
                                          Plantation, FL 33324
                                          Tel: 954-318-0268
                                          Fax: 954-327-3017
                                          E-mail: pbotros@forthepeople.com

                                          *Trial Counsel for Plaintiff*